he entitled to bring this suit at once to have the rights of all claimants to the fund determined? If the plaintiff should bring a common law action against the said contractors for the amount due him, they would have the right to interplead the lienors, and thus turn the action into one in equity, and the city if sued could do the same thing; and from this it follows that the plaintiff may bring such a suit at the outset. Deering v. Schreyer, 171 N. Y. 451, 64 N. E. 179. And if the amount due the plaintiff should be less than the amount due from the contractors to his assignors—in other words if they have assigned only part of their claim to him—his way of collecting it is not by a common-law suit (the rule against splitting claims or causes of action being in the way), but by a suit in equity, making both his assignors and their said debtors defendants; and there would be no reason for not making the lienors or any other persons interested defendants also. Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707.

Moreover, this lienor cannot plead for the contractors, but only for itself. If the contractors are content to litigate in equity under this complaint, the lienors are necessary parties, and cannot object to a court of equity, for their liens can be adjudicated upon nowhere else. If the contractors had the right to insist on being sued at common law, they could nevertheless submit to equity, and it is not for the lienors, who must get into a court of equity anyhow, to object.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.

———————

STOEBE v. HANOVER FIRE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

INSURANCE—FIRE INSURANCE—PROOFS OF LOSS—WAIVER.

    Insured, in a fire policy providing as a condition precedent to maintaining an action thereon that he shall file proofs of loss, who fails to file them and does not show a waiver of the condition, cannot recover.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1323–1338.]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Herman A. Stoebe against the Hanover Fire Insurance Company of New York. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Robert J. Fox (Frederic C. Pitcher, on the brief), for appellant.
Edwin F. Valentine, for respondent.

RICH, J. The plaintiff has recovered in an action upon a policy of insurance for losses sustained by fire. The policy provides, as a condition precedent to maintaining the action, that the insured should, within 60 days after the fire occurred, file with the company sworn

proofs of loss. It is conceded that such proofs were not filed, and the respondent's contention to support the judgment rests upon the conduct of one of the defendant's adjusters and his conversations with him, which it is claimed establishes a waiver of the requirement of the policy to file such proof of loss.

The evidence does not support this contention and the judgment must be reversed, and a new trial ordered; costs to abide the event. All concur.